UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Dennis A. Folkerts and <br> Janet L. Folkerts <br>     Plaintiffs, <br><br> vs. <br><br> SETERUS, INC. <br><br>     Defendants. | ) <br> ) <br> ) <br> )   Case No.     17-cv-4171 <br> ) <br> ) <br> ) <br> ) <br> ) |

**Complaint Filed by the Debtor Arising out of Violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, Violations of the Telephone Consumer Protection Act provided for by 47 USC §227, Violations of the Automatic Stay, provided for by Section 362 of Title 11 and the Discharge Injunction, provided for by Section 524 of Title 11.**

**NOW COME** the above-named Plaintiffs, individual consumers, by and through their attorney, Thomas W. Toolis of Frankfort Law Group, and respectfully brings before the Court an action for actual and statutory damages against Defendant SETERUS, INC. Inc., in violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, in violation of 11 USC §105 & 524 providing an injunction against collection after discharge of the Debtor and Violations of the Telephone Consumer Protection Act provided for by 47 USC § 227.

## I.    JURISDICTION

1.    Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and

matters arising out of the administration of bankruptcy case number 12-27149, and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. This Court has jurisdiction to enter a final and dispositive order in this matter.

3. This Court has both personal and subject-matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 11 of the United States Code.

4. This Court has jurisdiction for the Fair Debt Collection Practice Act violations pursuant to Section 1692 of Title 15 of the United States Code; 28 U.S.C. § 1367 for the pendent state law claims and the TCPA claims; thus federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

5. Section 362(h) of title 11 of the United States Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay. *In Re Sumpter*, 171 B.R. 835 (Bankr. N.D. Ill. 1994). The debtor further alleges that this provision provides that "an individual injured by a willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. Section 362(h).

6. Section 524(a)(2) of title 11 of the United States Code operates as an injunction against the commencement or continuation of any act to collect or recover a debt as a personal liability of the debtor. Punitive damages may also be awarded as a sanction against a creditor for violating §524. *In re Cherry, Bankruptcy E.D. Va. 2000, 247 BR 176*. Furthermore, "[a] bankruptcy judge has jurisdiction to interpret, apply, and enforce a plan confirmed under its jurisdiction." *Public Service Co. of New Hampshire v. Richards,* 148 B.R. 702, 705 (Bankr. D.N.H. 1992).

7. In addition, this action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

8. This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees and costs for the defendant's violation of The Fair Credit Reporting Act (hereinafter "FCRA").

9. 11 USC §105(A) of the United States Bankruptcy Code states that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. Congress provided a remedy for violation of the discharge injunction through a court's inherent contempt power. *Bessette v. AVCO Financial Services, Inc.* D.R.I 1999, 240 B.R. 147.

## II. PARTIES

10. Plaintiffs, Dennis A. Folkerts and Janet L. Folkerts, hereinafter "Plaintiffs", are natural persons residing in the Village of Monee, County of Will, and State of Illinois.

11. Defendant, SETERUS, INC., INC., is a Delaware corporation authorized to do business in Illinois, hereinafter, "SETERUS". Upon information and belief, Defendant is engaged in the business of collecting on defaulted mortgages in this state with its principal place of business located at 14523 SW Millikan Way # 200, Beaverton Oregon.

12. Upon information and belief, Seterus, is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

13. Upon information and belief, SETERUS furnishes information to the major credit reporting agencies in the METRO 2 format.

### III. ALLEGATIONS IN SUPPORT OF THE VIOLATIONS

14. On or about July 30, 2009, Plaintiffs entered in to an agreement with Bank of America to borrow money for the purpose of a home mortgage loan.

15. On or about July 27, 2015, Plaintiffs filed for relief from their debts pursuant to Chapter 13 of the United States Bankruptcy Code. The Clerk of the Bankruptcy Court assigned case number 15-25468 to their case. ***See Attached Exhibit A.***

16. The Plaintiffs Chapter 13 Plan included a provision that their residence, that was security for the Bank of America mortgage, would be surrendered in full satisfaction of the secured claim. ***See Attached Exhibit B.*** During the term of the Chapter 13 Plan, Plaintiffs defaulted on their mortgage payments.

17. Sometime thereafter, the debt was sent, transferred or assigned to SETERUS for the purpose of collecting on the debt.

18. On February 22, 2016, Plaintiffs received a discharge of their debts, including this debt, from the Bankruptcy Court. ***See Attached Exhibit C.***

19. After the filing of the Bankruptcy, Seterus placed numerous phone calls to the Plaintiffs' cellular phones in attempts to collect the now discharged debt as follows:

   a. Defendant called Plaintiffs cell phone on August 17, 2016 at 10:16 am;
   b. Defendant called Plaintiffs cell phone on October 12, 2016 at 10:27 am;
   c. Defendant called Plaintiffs cell phone on October 13, 2016 at 10:35 am;
   d. Defendant called Plaintiffs cell phone on October 14, 2016 at 9:21 am;
   e. Defendant called Plaintiffs cell phone on October 14, 2016 at 10:28 am;
   f. Defendant called Plaintiffs cell phone on October 17, 2016 at 11:03 am;
   g. Defendant called Plaintiffs cell phone on October 19, 2016 at 11:13 am;
   h. Defendant called Plaintiffs cell phone on November 25, 2016 at 10:23 am;
   i. Defendant called Plaintiffs cell phone on December 5, 2016 at 9:54 am;
   j. Defendant called Plaintiffs cell phone on December 12, 2016 at 12:56 pm;
   k. Defendant called Plaintiffs cell phone on December 20, 2016 at 3:13 pm;
   l. Defendant called Plaintiffs cell phone on January 3, 2017 at 3:39 pm;
   m. Defendant called Plaintiffs cell phone on January 11, 2017 at 8:23 am; and

      n. Defendant called Plaintiffs cell phone on January 16, 2017 at 6:01 pm.

20. Plaintiff continues to receive calls from Seterus, including after Plaintiff has advised Seterus that she is represented by an attorney, in bankruptcy and requesting that Seterus not call because her mother was in the hospital.

21. Upon information and belief, each of the above calls were made using an automated dialing system.

22. Defendant, SETERUS, also has sent numerous collection letters to Plaintiff alleging an ever increasing balance owed. Upon information and belief, Seterus continues to report this false information to the credit bureaus.

23. As a result of the acts alleged above, Plaintiff suffered emotional distress and grief, as well as actual damages.

24. Upon information and belief; each call was an attempt to collect a debt discharged in bankruptcy.

25. All of the above-described collection communications made to Plaintiff by SETERUS and their collection employees employed by SETERUS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(5), 1692c(a)(1), 1692 c(a)(2), 1692c(a)(3), 1692c(b), 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

26. SETERUS, INC. has reported and continues to falsely report a foreclosure filing to the credit bureaus, including but not limited to TransUnion, Experian, and Equifax.

27. Plaintiff has written to SETERUS, INC. requesting that Defendant correct the reporting to the credit reporting agencies.

28. SETERUS, INC. has reported and continues to falsely report debt as due and owing, despite the Plaintiffs being discharged, to the credit bureaus, including but not limited to TransUnion, Experian, and Equifax.

29. On information and belief, Experian either forwarded all relevant information to defendant Seterus within 5 business days, as required by 15 U.S.C. §1681i(a)(4), or failed to do so.

30. On information and belief, Experian sent a request for reinvestigation to defendant Seterus requesting that it verify that the debt was not owed by Plaintiff.

31. On information and belief, Seterus responded to the request for verification by stating that the debt was still due and owing, verifying that information to Experian.

### IV. CLAIM FOR RELIEF – TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. Section 227 et seq.

32. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

33. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant SETERUS, INC., INC., at all times material and relevant hereto, as described in this Complaint, caused Plaintiffs to sustain damages.

34. Under U.S.C. Section 227(b)(3)(B), the Plaintiffs are entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiffs.

35. Defendant, SETERUS, INC., INC. willfully and knowingly violated the TCPA, and as such the Plaintiffs are entitled to $1,500.00 per phone call made to the Plaintiffs pursuant to 47 U.S.C. Section 227(b)(3).

36. Plaintiffs are entitled to injunctive relief prohibiting SETERUS, INC., INC., from contacting Plaintiffs on their cellular phones using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

## V. CLAIM FOR RELIEF – FDCPA

37. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs and alleging that the discharged debt was due when SETERUS, INC., INC., knew or should have known that the Plaintiffs had no further obligation to pay the debt. 15 USC §§ 1692

39. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiffs for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. CLAIM FOR RELIEF – VIOLATION OF AUTOMATIC STAY AND DISCHARGE INJUNCTION

40. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

41. Defendant is liable to the Plaintiffs for violation of the discharge injunction pursuant to 11 USC 524(a)(2) and 11 USC §105 for the following actions:

    a. Phone calls to the Plaintiff's cellular phone; and

    b. Alleging a debt is due when it has already been discharged.

**VII – CLAIM FOR RELIEF - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(A) BY SETERUS, INC.**

42. Plaintiffs reallege and reincorporate the preceding paragraphs above as if fully set out herein.

43. SETERUS, INC. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by its actions, which include, but are not limited to: publishing the inaccurate and defamatory trade line to Plaintiffs credit file maintained by the credit reporting agencies; failing to fully and properly investigate the Plaintiffs disputes; failing to review all relevant information regarding the same; failing to correctly report the results of a reasonable investigation to each of the credit reporting agencies; and by failing to report to the consumer reporting agencies that the information regarding the Plaintiffs were incomplete or inaccurate in response to the requests for reinvestigation received.

44. As a result of the conduct, actions, and inaction of SETERUS, INC., the Plaintiffs suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, refinance their mortgage, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of their disputes and monitoring their credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

45. The conduct, actions, and inaction of SETERUS, INC. were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

46. The Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs, and their attorneys' fees from the Defendant in an amount to be determined by

the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

**VIII CLAIM FOR RELIEF - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(B) BY SETERUS, INC.**

47. Plaintiffs reallege and reincorporate the preceding paragraphs above as if fully set out herein.

48. SETERUS, INC. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by, after receiving the request for reinvestigation from Plaintiffs, failing to review all relevant information provided by Plaintiffs.

49. As a result of the conduct, actions, and inaction of SETERUS, INC., the Plaintiffs suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, refinance their mortgage, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of their disputes and monitoring their credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

50. The conduct, actions, and inaction of SETERUS, INC. were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

51. The Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs, and their attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

**IX CLAIM FOR RELIEF VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(E) BY SETERUS, INC.**

52. Plaintiffs reallege and reincorporate the preceding paragraphs above as if fully set out herein.

53. SETERUS, INC. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(E) by, after receiving the request for reinvestigation from Plaintiffs and finding that the item of information disputed therein was found to be inaccurate or incomplete, failing to (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

54. As a result of the conduct, actions, and inaction of SETERUS, INC., the Plaintiffs suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to refinance their mortgage, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of their disputes and monitoring their credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

55. The conduct, actions, and inaction of SETERUS, INC. were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

56. The Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs, and their attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

### X - CLAIM FOR RELIEF DEFAMATION BY SETERUS, INC.

57. Plaintiffs reallege and reincorporate the paragraphs above as if fully set out herein.

58. SETERUS, INC. published the false representation to TransUnion that Plaintiffs were obligated on an account, and on multiple occasions, through TransUnion, to all of Plaintiffs potential lenders, including but not limited to:

a. Each date on which SETERUS, INC. sent information concerning the inaccurate trade lines to the credit reporting agencies, which, upon information and belief, is believed to have occurred monthly; and

b. Each date on which SETERUS, INC. published the defamations through the credit reporting agencies to third parties.

These Statements shall be referred to herein simply as "the defamations."

59. The defamations were made with legal malice and a willful intent to injure the Plaintiffs by placing derogatory information on their credit reports in an illegal and unconscionable attempt to elicit and extort payment from the Plaintiffs. SETERUS, INC. had reason to know, both by virtue of information communicated directly to it by Plaintiffs and through the credit reporting agencies, that Plaintiffs were not obligated on any account and was not the person who had opened the account in question.

60. Further, SETERUS, INC. willfully adopted procedures that wholly ignored the demands of Plaintiffs, and other consumers generally, that inaccurate information should be removed from their credit files.

61. As a result of the conduct, actions, and inaction of SETERUS, INC., the Plaintiffs suffered various types of damage as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line of credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of their disputes and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

62. The defamations were malicious, willful, deliberate, intentional and/or with reckless disregard for the interests and rights of the Plaintiffs, so as to justify an award of punitive

damages against SETERUS, INC. in an amount to be determined by the Court.

63. The Plaintiffs are entitled to recover actual damages, punitive damages, and costs from SETERUS, INC. in an amount to be determined by the Court.

### XI – CLAIM FOR RELIEF VIOLATION OF 15 U.S.C. § 1692 9(e)(8) – FALSE OR INACCURATE REPORTING TO A CREDIT BUREAU

64. Plaintiffs reallege and reincorporate the paragraphs above as if fully set out herein.

46. The foregoing acts and omissions of the Defendant and their agents constitute a violation of the FDCPA.

47. As a result of each Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered against Defendant, SETERUS, INC., INC., for the following:

A. That this Court impose sanctions against the Defendant, SETERUS, INC., INC., for violating Sections 362 & 524(a)(2) of Title 11 of the United States Code by ordering the Defendants to pay monetary damages to the Plaintiffs in excess of the sum of $5,000;

B. That this Court order the Defendant named herein to pay all legal fees and expenses incurred by counsel for the Plaintiffs, said fees to be calculated at the rate of $450.00 per hour, but in no event to be less than $3,500.00;

C. That this Court for statutory damages in the amount of $1,000.00 against the defendants for their violations of the Fair Credit Reporting Act;

D. That, in the alternative, this Court hold the Defendants in civil contempt for violating the Order for Relief duly entered in the Plaintiff's Bankruptcy case and impose damages including, but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court; and

E. That this Court order the Defendants to pay additional actual damages and statutory damages of $1,000.00 to Plaintiffs for violating the FDCPA pursuant to 15 U.S.C. Section 1692k in the form of additional punitive damages;

F. That this Court enter an award of statutory damages of $500.00 per phone call pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant SETERUS, INC., INC., and for Plaintiffs;

G. That this Court enter an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant SETERUS, INC., INC., and for Plaintiffs;

H. That this Court enter an injunction prohibiting Defendant SETERUS, INC., INC., from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

I. Any other or further relief that this court deems just.

## JURY DEMAND

Please take notice that the Plaintiffs demand trial by jury in this action.

Respectfully Submitted,

*/s/ Thomas W. Toolis*
Thomas W. Toolis

6270743
Thomas W. Toolis
Attorney for Plaintiffs
Frankfort Law Group
10075 W. Lincoln Hwy.
Frankfort, Illinois 60423
708-349-9333

## VERIFICATION OF COMPLAINT AND CERTIFICATION

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss |
| COUNTY OF WILL | ) |

Plaintiffs, Dennis A. Folkerts and Janet L. Folkerts, having first been duly sworn and upon oath, deposes and says as follows:

1. We are Plaintiffs in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by my attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, we have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____  _____
Dennis A. Folkerts                                   Janet L. Folkerts

Subscribed and sworn to before me
this __1st__ day of __June__, 2017

_____
Notary Public

"OFFICIAL SEAL"
LINDA L. DOVICH
Notary Public, State of Illinois
My Commission Expires 08/11/19