IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS A. FOLKERTS and JANET L. FOLKERTS, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17 C 4171 |
| v. | ) ) | Judge Amy St. Eve |
| SETERUS, INC. | ) ) ) | |
| Defendant. | ) | |

## ORDER

The Court grants Defendant Seterus, Inc.'s partial motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [15]. Defendant shall answer the remaining claims by 9/25/17. Mandatory initial disclosures shall be exchanged by 10/25/17. Written discovery shall be issued by 11/8/17.

## STATEMENT

On June 1, 2017, Plaintiffs Dennis A. and Janel L Folkerts ("Plaintiffs") brought the present Complaint alleging violations of the Telephone Consumer Protect Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, a common law defamation claim, and a "violation of automatic stay and discharge injunction" claim.[1] Before the Court is Defendant's partial motion to dismiss brought pursuant to Rule 12(b)(6). For the following reasons, the Court grants Defendant's partial motion to dismiss.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

---

[1] In their response brief, Plaintiffs voluntarily dismiss their state law defamation claim against Defendant. (R. 19, Resp., at 1.)

1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## BACKGROUND

In July 2009, Bank of America, N.A. extended a loan to Plaintiffs that was secured by a mortgage on real property located in Manteno, Illinois. (R. 1, Compl. ¶¶ 14-15.) Plaintiff maintains that in July 2015 they filed a voluntary Chapter 13 petition for bankruptcy protection, case number 15-bk-25468. (*Id.* ¶ 15.) They assert their Chapter 13 plan included that their residence – the security for the Bank of America mortgage – would be surrendered in full satisfaction of the secured claim. (*Id.* ¶ 16.) Further, Plaintiffs allege that during the term of their Chapter 13 plan, they defaulted on their mortgage payments and that thereafter their debt was then transferred or assigned to Defendant for the purposes of collecting on the debt. (*Id.* ¶¶ 16, 17.) On February 22, 2016, the bankruptcy court discharged their debts. (*Id.* ¶ 18, Ex. C. Order of Discharge.) Plaintiffs allege that after the discharge of the debt, Defendant attempted to collect on the debt. (*Id.* ¶ 19.) Also, Plaintiffs contend that Defendant continues to falsely report a foreclosure filing to credit bureaus, including TransUnion, Experian, and Equifax. (*Id.* ¶ 26.)

## ANALYSIS

Because Plaintiffs voluntarily dismissed their defamation claim as alleged in Count X, the only remaining issue in this motion is Defendant's argument that Plaintiffs cannot bring their claim for the alleged violations of the bankruptcy stay and bankruptcy discharge injunction in federal court. To clarify, after "a debtor obtains a discharge under the Bankruptcy Code, creditors are enjoined from attempting to collect discharged debts 'as a personal liability of the debtor.'" *Gagnon v. JPMorgan Chase Bank, N.A.*, 563 B.R. 835, 847 (N.D. Ill. 2017) (quoting 11 U.S.C. § 524(a)(2)). After a bankruptcy discharge, the debtor must file claims for the violation of the automatic stay and discharge injunction in the bankruptcy court where the debt was discharged. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004); *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916 (7th Cir. 2001). Simply put, the "Seventh Circuit and district courts have held that a debtor cannot file suit directly in federal district court to enforce Section 524(a)(2)." *Gagnon*, 563 B.R. at 847; *see also Dore v. Five Lakes Agency, Inc.*, No. 14 CV 6515, 2015 WL 4113203, at *2 (N.D. Ill. July 8, 2015). In fact, Plaintiffs have filed a motion for violations of the automatic stay and discharge injunction against Defendant in their bankruptcy court case seeking to enforce the discharge injunction under 11 U.S.C. § 524 – that is noticed up for September 22, 2017. (15-25468, dkt. 37, 38.) The Court therefore grants Defendant's motion.

**Dated:** September 11, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**