UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Dennis A. Folkerts and )
Janet L. Folkerts )
    Plaintiffs, )
)   Case No.   17-cv-4171
vs. )
)
Seterus, Inc. )
)
    Defendants. )

## LOCAL RULE 56.1 STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to FRCP 56, Plaintiffs, DENNIS A. FOLKERTS and JANET L. FOLKERTS ("Plaintiffs"), by their undersigned counsel, submit this statement of material facts to which there are no genuine issue and which entitles Plaintiffs to summary judgment in their favor, as follows:

### The Parties

1. Plaintiffs are natural persons residing in the Village of Monee, County of Will, and State of Illinois. *See* Exhibit 1, First Amended Complaint (Dckt. 52) ¶¶ 10; *See* Exhibit 2, Seterus' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Dckt. 56) ¶¶ 10. *See* Exhibit 5, Seterus's Answers and Responses to Plaintiff's First Set of Requests for Admission ¶¶ 4, 5.

2. Defendant Seterus, Inc. (hereinafter "Seterus") is a Delaware corporation authorized to do business in Illinois. Upon information and belief, Defendant is engaged in the business of collecting on defaulted mortgages in this state with its principal place of business located at 14523 SW Millikan Way # 200, Beaverton, Oregon. *See* Exhibit 1, First Amended Complaint (Dckt. 52) ¶¶ 11; *See* Exhibit 2, Seterus' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Dckt. 56) ¶¶ 11.

1

3. Defendant is a debt collector for purposes of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") because it engages in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. *See* Exhibit 1, First Amended Complaint (Dckt. 52) ¶¶ 12; *See* Exhibit 2, Seterus' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Dckt. 56) ¶¶ 12.

4. Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692a(3). *See* Exhibit 5, Seterus's Answers and Responses to Plaintiff's First Set of Requests for Admission ¶¶ 6, 7.

## The Violations

5. On or about July 30, 2009, the Folkerts originally purchased a residence at 32523 South 128th Avenue, Manteno, Illinois 60950 (the "Subject Property"), and obtained a mortgage in the amount of $417,000.00 (the "Subject Loan") from Bank of America, N.A. for the purchase of that property. *See* Exhibit 1, First Amended Complaint (Dckt. 52) ¶¶ 14; *See* Exhibit 2, Seterus' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Dckt. 56) ¶¶ 14.

6. On or about July 27, 2015, the Folkerts filed for relief from their debts pursuant to Chapter 13 of the United States Bankruptcy Code. The Clerk of the Bankruptcy Court assigned case number 15-25468 to their case. *See* Exhibit 1, First Amended Complaint (Dckt. 52) Exhibit A; *See* Exhibit 2 Seterus' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Dckt. 56) ¶¶ 15.

7. The Folkerts' Chapter 13 Plan included a provision that their residence, which was security for the Bank of America mortgage, would be surrendered in full satisfaction of the secured claim. *See* Exhibit 1, First Amended Complaint (Dckt. 52) Exhibit B, p.6.

8. Sometime thereafter, on or about February 1, 2016, the debt was sent, transferred or assigned to Seterus for the purpose of collecting on the debt. *See* Exhibit 2, Seterus' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Dckt. 56) ¶¶ 17.

9. On February 22, 2016, Plaintiffs received a discharge of their debts, including the Subject Loan, from the Bankruptcy Court. *See* Exhibit 1, First Amended Complaint (Dckt. 52) Exhibit C.

10. On February 29, 2016, Defendant filed a Transfer of Claim Other Than for Security in Plaintiffs' bankruptcy case. The filing listed Defendant Seterus as the creditor of the debt where notices and payments should be sent. *See* Exhibit 20, Transfer of Claim Other Than for Security (Bankruptcy Case No. 15-25468, Dckt. 28).

## The Telephone System

11. Defendant uses the Avaya and Syntelate systems. Avaya is the phone system Defendant uses. The Avaya Proactive Contact system and Syntelate are software programs. *See* Exhibit 16, Deposition of Adam Taylor p. 13-16.

12. Defendant admits that the Avaya Proactive Contact System is an auto dialer. *See* Exhibit 16, Deposition of Adam Taylor p. 70, line 6-7.

13. Syntelate is an interface for inbound and outbound calls by customer service agents to access customer information, the loan databases and the telephone system. Syntelate is also used to handle outbound calls and to manage the note taking process for the customer service agents. According to the manufacturer and Seterus, Inc. internal documentation Syntelate provides outbound predictive dialing. *See* Exhibit 21, Plaintiff's Expert Report by Bradley Walton, p. 9-10.

14. Defendant's Policy and Procedure Manual describes the Syntelate system as a predictive dialer system. *See* Exhibit 17, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts1015.

15. Plaintiffs' expert Bradley Walton states that it is his opinion "that the systems utilized, Syntelate, and Avaya, meets the definition of Automated Telephone Dialing Systems ("ATDS") as defined by the [Telephone Consumer Protection Act (hereinafter "TCPA")]." *See* Exhibit 21, Plaintiff's Expert Report by Bradley Walton, p. 11.

## The Phone Calls

16. On or about May 2, 2016, Plaintiffs' attorney, John Reed, sent a letter to Defendant inquiring about a deed in lieu of foreclosure and asking that Defendant respond to his office. *See* Exhibit 15, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0513.

17. On or about June 20, 2016, Defendant sent a letter back to Plaintiffs' attorney, John Reed, acknowledging his previous correspondence. *See* Exhibit 21, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0641.

18. On or about September 23, 2016, Janet Folkerts sent an e-mail to Defendants informing them that the account statement, dated August 16, 2016, she received was incorrect and that the property referenced in the account statement had been surrendered in Bankruptcy. *See* Exhibit 18, records produced by Plaintiffs in discovery, bate stamped at 2.

19. At first, Defendant called Plaintiffs' attorney nine times. On or about October 4, 2016, Defendant spoke with Plaintiffs' attorney and learned that Plaintiffs' did not want a trial modification but instead wanted to get rid of the property through a Deed in Lieu. *See* Exhibit 3, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0089; *See* Exhibit 4, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0928.

20. Defendant then began contacting Plaintiffs. On or about October 12, 2016, Janet Folkerts informed Defendant that she was represented by an attorney and that she did not want to receive any further calls from Defendant. *See* Exhibit 4, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0928.

21. Defendant continued to call Plaintiffs after it was advised that Plaintiffs were represented by an attorney and that this debt had been discharged in Bankruptcy. *See* Exhibit 3, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0089; *See* Exhibit 4, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0929, 0935, 0941, 0943, 0947-48, 0951, 0966-68, 0974, 0978-79, 0981, 0985, 0993.

22. On or about October 14, 2016, Defendant ordered a skip trace and obtained Dennis Folkerts' cell phone number. *See* Exhibit 4, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0932.

23. Beginning on October 17, 2016, Seterus placed 8 calls to Dennis Folkert's cellphone. *See* Exhibit 3, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0089.

24. On or about November 25, 2016, Janet Folkerts informed Defendant that the subject property had been discharged in Bankruptcy and that she did not want to receive calls from Defendant. *See* Exhibit 4, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0941.

25. On January 11, 2017, Plaintiff, Janet L. Folkerts, had a 57 minute phone conversation with a representative of Defendant, Seterus, where she advised Defendant that she had filed Bankruptcy and surrendered the residence. Janet Folkerts stated she wished to be removed from Defendant's contact list. The Seterus representative, Mary Patterson, told Janet that her phone number was on robocall so Defendant would continue to call her phone until their home was sold again during the liquidation process. Janet e-mailed her former attorney the same day as this phone conversation occurred. *See* Exhibit 3, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0089; *See* Exhibit 4, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0951. *See* Exhibit 19, records produced by Plaintiffs in discovery, bate stamped at 914.

26. Defendant continued to call Plaintiffs more than ten times after Plaintiffs had informed them that they did not want the property. *See* Exhibit 6, Deposition of Bryan Wilson p. 71.

27. Between August 17, 2016 and June 26, 2017, Defendant placed 150 phone calls to Janet Folkert's cell phone. *See* Exhibit 3, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0089; *See* Exhibit 4, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0900.

28. Between August 2016 and June 2017, Defendant called Plaintiffs in an attempt to reach Plaintiffs regarding payments due on the Subject Loan. *See* Exhibit 5, Seterus's Answers and Responses to Plaintiff's First Set of Requests for Admission ¶¶ 11.

29. Defendant's Policy and Procedure Manual describe the rules relating to Seterus calling delinquent borrowers. However the Policy and Procedure Manual states "[l]oans where Seterus has received a written cease and desist from the borrower or where the loan is subject to an active bankruptcy proceeding or loans involving debt discharged in a bankruptcy are exempt from these call attempts." *See* Exhibit 17, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts1013.

### The Periodic Monthly Statements

30. On or about August 16, 2016, Seterus sent a monthly statement to the Folkerts stating there was an amount due on the Subject Loan of $24,358.73. *See* Exhibit 7, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0594.

31. On or about September 14, 2016, Seterus sent a statement to the Folkerts stating there was an amount due on the Subject Loan of $26,644.25. *See* Exhibit 8, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0599.

32. On or about October 11, 2016, Seterus sent a statement to the Folkerts stating there was an amount due on the Subject Loan of $28,914.77. *See* Exhibit 9, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0602.

33. On or about November 11, 2016, Seterus sent a statement to the Folkerts stating there was an amount due on the Subject Loan of $29,605.77, which included $656.00 in property preservation fees and $35.00 in expense adjustments. *See* Exhibit 9, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0607.

34. On or about December 14, 2016, Seterus sent a statement to the Folkerts stating there was an amount due on the Subject Loan of $32,978.60. According to this statement there was a regular monthly payment of $3,217.83, which was a $947.31 increase from the Folkerts previous

monthly payment. *See* Exhibit 11, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0611.

35. On or about January 12, 2017, Seterus sent a statement to the Folkerts stating there was an amount due on the Subject Loan of $39,377.18 which included a monthly payment of $3,217.83 plus $2,940.75 in legal fees, $15.00 in property preservation fees, and $225.00 for title/miscellaneous expenses. *See* Exhibit 12, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0614.

36. Defendant's Policy and Procedure Manual describes the periodic statement generation process. However, the manual explicitly states that "[t]he Periodic Statement requirements do not apply while the borrower is a debtor in bankruptcy or the borrower has received a discharge of the debt in a bankruptcy proceeding. If there are two or more borrowers on the loan and only one borrower files for bankruptcy, the exemption for the periodic statement requirements is for the entire loan." *See* Exhibit 17, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts1012.

### The Response to the Credit Bureau Dispute

37. On or about March 20, 2017, Equifax notified Seterus that the Folkerts were disputing the debt that Seterus was reporting on the Subject Loan. Seterus responded to the dispute on April 13, 2017 by updating the balance owed from $421,415.00 to $417,402.00 and updating the amount past due from $37,013.00 to $40,231.00. *See* Exhibit 13, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0821.

38. On or about April 18, 2017, Experian notified Defendant that Plaintiffs were disputing the debt that Defendant was reporting on the Subject Loan. Seterus responded to the dispute on May 4, 2017 by updating the balance owed from $417,402.00 to $419,223.00 and updating the amount past due from $40,231.00 to $43,449.00. Seterus continued to report the debt status as foreclosure proceeding, delinquent 180 months. *See* Exhibit 14, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts0823.

39. Defendant admits that it responded to Plaintiff's dispute by reporting that Plaintiffs' current loan status was 180 days past due. *See* Exhibit 2, Seterus' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Dckt. 56) ¶¶ 22. *See* Exhibit 6, Deposition of Bryan Wilson p. 101-102.

40. Defendant's Policy and Procedure Manual describe Defendant's dispute resolution procedures as follows:

> Each dispute is investigated within the provided timeframes and one or more of the following actions may be taken as part of the investigation:
> 1. Compare the disputed information against the corresponding data in MSP.
> 2. Review the loan records and loan notes.
> 3. Review the file contents and related correspondence maintained in Image Repository.
> 4. Review credit reporting as maintained in the Credit Bureau Tradeline Web Utility.
> 5. Verify the payment history.

*See* Exhibit 17, records produced by Seterus Inc. in discovery, bate stamped at Seterus/Folkerts1059, 1060.

41. On or about April 24, 2017, Plaintiffs tried to obtain a mortgage loan from American Portfolio Mortgage and were rejected "based on numerous late payments on previous mortgage." *See* Exhibit 23, records produced by Plaintiffs in discovery, bate stamped at 895.

42. The credit report American Portfolio Mortgage relied upon to deny Plaintiffs the mortgage loan showed that Seterus was reporting Plaintiffs account as over 120 months delinquent. *See* Exhibit 24, records produced by Plaintiffs in discovery, bate stamped at 994.

Dated: May 16, 2018

Respectfully Submitted,

**FRANKFORT LAW GROUP**

By: /s/ Julia Topik Laws
    Julia Topik Laws, 6307189
    Thomas W. Toolis
    Jacqueline Diane Opyd
    10075 West Lincoln Highway
    Frankfort, IL 60423
    Ph: 708-349-9333
    jtl@jtlawllc.com
    twt@jtlawllc.com
    jdo@jtlawllc.com

*Counsel for Plaintiffs Dennis and Janet Folkerts*